## Respublica *against* David Sloane.

Evidence of force against a lessee for years, will not warrant a conviction for an indict-
ment for forcible entry and detainer, stating it to be against the freehold of the land-
lord.
Nor where it is stated to be against one, when there are two joint tenants.

An inquisition of forcible entry and detainer was found on the 22d
April 1796, before John Wilkins, esquire, one of the justices of the
peace of Allegheny county, stating, that John Deniston was lawfully
and peaceably seized in his demesne as of fee of and in a messuage
and 440 acres of land in Pitt township, until the defendant and other
malefactors unknown, on the 7th day of April 1796, did enter therein
and disseize him thereof with force, and forcibly detain him therefrom
with a strong hand, until the time of taking the inquisition, &c.

The lands whereon the injury was supposed to be done, lay on the
north west side of the river Allegheny, on the east side of Buffaloe
creek, and the facts disclosed in evidence appeared as follow :

John Deniston and Charles Campbell employed persons to erect a cabin on the land, which was done accordingly in August 1793, and some rails were made. On the 21st November following, a survey was made by Stephen Gapen, deputy surveyor, for James Kikkead, by virtue of his improvement, began 14th November 1793, situate in district No. 8, and that evening they slept in the cabin. In the month of September 1795, some hands were employed to work the ground, and 2½ acres were grubbed. In a few weeks afterwards the cabin was thrown down by some persons unknown, and a new one was rebuilt. There was also another cabin on the tract occupied by the defendant, but when it was erected did not appear.

It was urged on the part of the commonwealth, that proof would be given that Deniston and Campbell had leased these lands to a tenant, that the defendant had dispossessed him and forcibly kept him out of possession.

*Sed per curiam.* The great object of the statutes was to punish lawless persons for forcibly dispossessing their peaceable neighbors from their quiet possessions, but not to turn mere civil suits into crieinal procedures. The evidence offered cannot be received. If the prosecution is founded on an injury done to the lessee for years, the indictment should have been framed accordingly under the statute of 21 Jac. 1, c. 15. But here the force is laid against the seisin of Deniston. Aginst, if he and Campbellw were het joint owners of the land, and were disseised, it should have been stated. *Quâcunque via datâ* the defendant cannot be convicted onthis indictment.

Messrs. Brackenridge, Woods and Young, of counsel for the prosecution, agreed that the defendant must be acquitted.

Messrs. Collins and Campbell, pro def.

Verdict not guilty.